

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04 C 2432 |
| ) | Judge Joan H. Lefkow |
| NATIVE AMERICAN EDUCATIONAL ) | Magistrate Judge Denlow |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The United States of America ("the United States" or "the Government") filed this lawsuit on April 5, 2004 to collect a debt from Native American Educational Services, Inc. ("NAES"). The amount of NAES's liability was finally determined by a Grant Officer of the United States Department of Labor ("the Department of Labor") on April 1, 1998. NAES's right to appeal expired on April 22, 1998, rendering the Grant Officer's decision the final action of the Secretary of the Department of Labor. The material facts are undisputed and both parties have moved for summary judgment. The outcome of this case turns entirely on whether any statute of limitation bars the Government's suit. For the reasons that follow, the court finds that this case is not time barred. The United States's motion for summary judgment [#29] is granted, and NAES's cross-motion [#33] is denied.

1

## I. Background

NAES contracted with the Department of Labor for a grant that it would use to provide educational and job training services under the now-defunct Job Training Partnership Act ("JTPA"), 29 U.S.C. §§ 1671 *et. seq* (1994). NAES's Local Rule 56.1 Statement of Additional Material Facts ("NAES's Statement"), at ¶ 1; NAES's Answer, at ¶ 3. The JTPA and its implementing regulations contain specific requirements for administrative review of disputes regarding grants and expenditures. 20 C.F.R. § 636.1 (1994) (setting forth the scope and purpose of the regulations); 20 C.F.R. § 636.8 (1994) (requiring a grant officer to make an initial and final determination of matters in controversy); 20 C.F.R. § 636.10 (1994) (providing the right to appeal a final determination to an administrative law judge); 20 C.F.R. § 636.11 (1994) ("The final decision of the Secretary pursuant to [29 U.S.C. § 1576(b) (1994)] in cases heard by the Administrative Law Judges or decided by an informal reviewer, or the Grant Officer's final determination where there has been no such hearing, constitutes final agency action within the meaning of the [JTPA] and the Administrative Procedure Act, 5 U.S.C. 704."); *see also* 29 C.F.R. § 96.603(b)(iii).

In 1996, the Office of Inspector General of the Department of Labor ("the Inspector General") conducted a fiscal audit of NAES's JTPA program for the time period including July 1, 1994 through December 31, 1995. NAES's Statement, at ¶ 2. On August 28, 1996, the Inspector General issued an audit report, which found that NAES had misspent some of the grant money. NAES's Statement, at ¶ 3; United States's Local Rule 56.1 Statement of Material Facts ("United States's Statement"), at ¶ 4. On August 21, 1997, an "Initial Determination" was issued by the Grant Officer of the Department of Labor ("the Grant Officer") on the issues raised in the audit

2

report. NAES's Statement, at ¶ 4. The Grant Officer issued its "Final Determination" on April 1, 1998, stating that based on audits of NAES's program, NAES's reported costs in the amount of $123,202.00 had been disallowed and were subject to debt collection. NAES's Statement, at ¶ 5; United States's Statement, Ex. 2, at 1.

The Grant Officer's letter transmitting the Final Determination notified NAES that it had the opportunity to request a hearing with an administrative law judge. United States's Statement, Ex. 2, at 2 (citing 20 C.F.R. § 636.10). It said, "In the event no administrative hearing is timely requested, the disallowed cost amount herein established will become the final action by the Secretary of Labor and a civil claim of the United States." *Id.* at 2-3 (citing 29 C.F.R. § 96.603(b)(iii)). The letter went on to say that the debt would become delinquent 30 days after the date of final agency action, and that failure to honor demands for debt repayment would result in collection actions being taken pursuant to 31 U.S.C. § 3701 *et. seq* as well as the imposition of interest and other administrative fees. *Id.* at 2. Finally, it advised NAES that it "may pay the amount disallowed in this final determination by sending a cashier's check [to a provided address] ...." *Id.*, at 1.

Since the Final Determination was issued, interest, penalties, and administrative costs have been assessed against NAES's debt pursuant to 31 U.S.C. § 3717, 20 C.F.R. § 627, and 29 C.F.R. § 20.50 *et. seq*, and the total amount now sought by the United States is $208,421.93 plus 5% interest accruing per annum since December 16, 2003, potential post-judgment interest pursuant to 28 U.S.C. § 1961, and costs. Complaint, Ex. B. In response to the complaint filed in this court, the President of NAES, Faith Smith, sent a letter to the Assistant United States Attorney dated June 7, 2004. United States's Statement, at ¶ 8, Ex. 5. She said that NAES

3

"accepts limited liability in this case and is willing to repay a portion of the amount being demanded by the Department of Labor if it can be extended over a three year period." *Id.*

NAES is a not-for-profit corporation organized under the laws of Illinois and has its principal place of business in Illinois. NAES's Answer, at ¶ 2. The court has jurisdiction pursuant to 28 U.S.C. § 1345.

## II. Summary Judgment Standard

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). In response, the non-moving party must use evidentiary tools to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005).

## III. Discussion

NAES does not dispute the fact that its debt of $123,202.00 to the United States was finally determined by the Department of Labor on April 1, 1998, and that it did not file a request for an administrative hearing of that determination. United States's Statement, at ¶¶ 3, 6; NAES's Answer, at ¶ 3. The only issue that it raises in response to the United States's motion for summary judgment is its argument that the complaint is barred by a statute of limitations.[1] To resolve this issue, the court must first determine whether a statute of limitation applies to the Government's complaint. If no limitations period applies, the complaint will not be time barred. If one does apply, the court must move on to determine when the Government's claim accrued in order to determine if the complaint is timely.

"Generally, the United States is not subject to statutes of limitations in enforcing its rights unless Congress explicitly provides otherwise." *United States v. Tri-No Enterprises, Inc.* 819 F.2d 154, 158 (7th Cir. 1987) (citing *United States v. City of Palm Beach Gardens*, 635 F.2d 337, 339 (5th Cir.), *cert. denied* 454 U.S. 1081, 102 S. Ct. 635, 70 L. Ed. 2d 615 (1981); *United States v. Podell*, 572 F.2d 31, 35 n.7 (2nd Cir. 1978); *United States v. Summerlin*, 310 U.S. 414, 416, 60 S. Ct. 1019, 1020, 84 L. Ed. 1283 (1940); *Guaranty Trust Co. v. United States*, 304 U.S. 126, 132-33, 58 S. Ct. 785, 788-89, 82 L. Ed. 1224 (1938); *Silverman v. Commodity Futures Trading Comm'n*, 549 F.2d 28, 34 (7th Cir. 1977) ("[T]he United States is not bound by state statutes of limitations or subject to the defense of laches in enforcing its rights.")). Congress may

---

[1] In its answer and its statement of facts, NAES "denies that it is liable for any alleged debt to the United States because, *inter alia*, this action is barred by the applicable statute of limitations ..." Answer, at ¶ 4. The *inter alia* disclaimer is insufficient to create or preserve a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

5

create a governmental right to sue without limiting the time in which the government may exercise it. *Palm Beach Gardens*, 635 F.2d at 339. If an act creating such a right contains no limitations period, and no general statute of limitations applies, the government may seek recovery under the act at any time. *Id*. at 341.

The parties suggest several potential ways in which the Government's claim can be characterized, which would lead to varying conclusions about whether a statute of limitation applies. NAES contends that the Government's claim is either one to recover an alleged debt arising "under a contract" between the parties or one to recover a "diversion of money paid under a grant program." It would follow that the case would be governed by one of the following two statutes of limitation:

> (a) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later ....
>
> (b) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues: Provided, that ... an action to recover for diversion of money paid under a grant program ... may be brought within six years after the right of action accrues ....

28 U.S.C. § 2415(a)-(b). The United States contends that the action is instead statutory, arising under the JTPA: "Every recipient shall repay to the United States amounts found not to have been expended in accordance with this chapter.... No such action shall be taken except after notice and opportunity for a hearing have been given to the recipient." 29 U.S.C. § 1574(d)

6

(1994). Alternatively, it could be called a simple action to collect a debt. Under both of these characterizations, the United States contends that no statute of limitation applies.

Both parties are supported by their citations. The Seventh Circuit's apposite analysis in *United States Dep't of Labor v. Old Ben Coal Co.*, 676 F.2d 259 (7th Cir. 1982), however, controls the outcome of this case. In *Old Ben*, the Government filed a complaint to enforce a final administrative order of the Department of the Interior assessing civil penalties against the defendant for violation of the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 801 *et. seq* (1976) ("the Coal Act"). *Id.* at 259.

The Court held in *Old Ben* that the five year statute of limitations for "the enforcement of any civil fine, penalty, or forfeiture" provided by 28 U.S.C. § 2462 did not apply to the Government's claim to enforce the administrative order. *Id.* at 260-261. It distinguished between the underlying violation and application of a penalty, which were ruled on by the administrative law judge, and the claim brought in the district court to enforce the administrative order. *Id.* Because the district court was not required (or permitted) to engage in *de novo* review of the validity of the underlying violation, but instead could only review the administrative proceeding to enforce, modify, or deny the administrative order, the Seventh Circuit found the United States's claim to be analogous to a debt collection proceeding and did not apply a statute of limitation. *Id.* at 261.[2]

The same analysis applies to this case. The merits of NAES's violation of its contract or of its diversion of JTPA grant funds are not at issue, because the existence and amount of

---

[2] The Court noted that allowing *de novo* review of the administrative order would frustrate the administrative scheme for dispute resolution set forth in the statute. 676 F.2d at 261.

7

NAES's debt has already been administratively determined and the United States is asking this court only to enforce the Department of Labor's action. United States's Memorandum, at 4; 29 U.S.C. § 1578(a)(3) (setting forth the standard of review for an appeal of a final action of the Secretary of Labor by a United States Circuit Court). NAES does not challenge this characterization. Like the claim in *Old Ben*, the Government's claim here is analogous to a debt collection proceeding, such as one under 31 U.S.C. § 3711 as it was explained to be in the Grant Officer's April 1, 1998 letter to NAES, not to a substantive breach of contract or a diversion of funds case, and the court will construe it as such.

This finding is consistent with the only reported case to consider whether a statute of limitation applies to the right to seek repayment of grant funds misspent under the JTPA. In *Miss. Dep't of Econ. & Cmty. Dev. v. United States Dep't of Labor*, 90 F.3d 110, 111 (5th Cir. 1996), the Court considered an appeal of a decision made by the Secretary of Labor ordering reimbursement to the Government of funds provided under a JTPA grant. As one of its bases for appeal, the grantee argued that the five year statute of limitations in 28 U.S.C. § 2462 should have barred the Government from pursuing administrative proceedings for collection. *Id.* at 112. The Court disagreed, explaining that "we are persuaded that the repayment action here does not involve a claim for a civil fine, penalty, or forfeiture under § 2462. It is instead an action in the nature of one to collect on a debt." *Id.* at 112 (citing *Bennett v. Kentucky Dep't of Educ.*, 470 U.S. 656, 105 S. Ct. 1544, 84 L. Ed. 2d 590 (1985). Although this characterization was made in a different context, it provides general support for this court's holding.

Most of the cases that have applied Section 2415 to actions for repayment of allegedly misspent grant money have done so in situations where there has been no final administrative

8

action establishing liability. *See United States v. Illinois*, 144 F. Supp. 2d 990 (C.D. Ill. 2001) (applying Section 2415(a) in a case where the Administrative Office of United States Courts sought repayment of a Criminal Justice Act grant of federal money to the State of Illinois that was allegedly improperly spent); *United States v. Flake*, 783 F. Supp. 762 (E.D.N.Y. 1992) (applying Section 2415(a) to an action to recover allegedly misspent funds based on an alleged breach of an agreement entered into under the Housing Act of 1959); *United States v. Incorporated Village of Island Park*, 791 F. Supp. 354 (E.D.N.Y. 1992) (same); *United States v. Gray*, 582 F. Supp. 1559 (N.D. Ga. 1982) (Section 2415(b) applied to an action to recover funds allegedly overpaid under a Veterans Administration educational grant); *United States v. Dimeo*, 371 F. Supp. 95 (N.D. Ga. 1974) (applying Section 2415(b) to an action to recover Social Security payments that were allegedly misused); *accord United States v. Lutheran Med. Ctr.*, 524 F. Supp. 421 (D. Neb. 1981). These cases are thereby distinguishable from the instant case, in that the underlying merits had not already been determined, and therefore the claims before the district courts were properly characterized as breach of contract or diversion of money paid under a grant program as opposed to collection of a predetermined debt.

There are cases, including some cited by NAES, that are on point but disagree with the holding reached here. For example, *United States v. Am. States Ins. Co.*, 252 F.3d 1268, 1271 (11th Cir. 2001), the Government characterized its case as one to enforce the judgment of its contracting officer. The Court disagreed, reasoning that

> Even though the decisions of contracting officers are not subject to challenge on the merits, they are not themselves judgments. Section 2415(a) recognizes this fact by requiring the Government to sue 'within one year after final decisions have been rendered in applicable administrative proceedings.' ... this provision covers actions by the Government to enforce a final administrative decision, and thereby

9

> suggests that such decisions are not judgments exempt from the statute of limitations. Furthermore, this lawsuit essentially is a breach of contract suit. The Government seeks damages from [the surety] because [the surety] has refused to honor its obligation under the surety agreement. Although the amount in question was determined by the contracting officer, the obligation sought to be enforced is contractual.

(citing *United States v. Suntip Co.*, 82 F.3d 1468, 1475-76 (9th Cir. 1996)). This case can be partially distinguished in that there is no indication that the decision of the contracting officer became a final action of an administrative agency. There also appear to have been issues remaining to be determined other than the amount of liability. The reasoning, however, shows a fundamental disagreement with the analysis employed here, with which this court must respectfully disagree for the reasons stated above.

*Marathon Oil Co. v. Babbit*, 938 F. Supp. 575 (D. Alaska 1996), arrived at the same result as *American States* did, but via a different trail of thought. In *Marathon Oil*, the Government argued that Section 2415(a) did not apply to its action to enforce an administrative order to pay royalties made by the Department of the Interior. *Id.* at 577. In support, it cited the distinction between actions at law and actions in equity made by the Supreme Court in *Bowen v. Massachusetts*, 487 U.S. 879, 108 S. Ct. 2722, 101 L. Ed. 2d 749 (1988), arguing that its enforcement action was akin to an equitable action for restitution. *Id.* The Court disagreed, holding that the Ninth Circuit had been reluctant to extend *Bowen*, and that actions to collect royalties essentially sought damages (a remedy at law). It also cited *Suntip*, 82 F.3d at 1475-77, like *American States* did, to reject the Government's argument that the rights it was seeking to exercise flowed from the administrative orders, not the underlying contract. *Id.* at 579.[3]

---

[3] NAES did not cite *Suntip*, presumably because although it would support their argument that Section 2415(a) should apply to this case, it cuts against NAES's arguments regarding when the Government's claim

10

NAES also cites *United States* v. *Chrzanowski*, 358 F. Supp. 2d 693 (N.D. Ill. 2005) (Filip, J.), in which the Court applied Section 2415(a) to an action to collect a debt that had been determined by the Department of Defense. It appears that the parties did not dispute the applicability of Section 2415(a) in that case, however, because Judge Filip assumed its application without discussing it. *Chrzanowski* is therefore not strong precedent on this point.

Because the court has characterized the Government's action as one to collect a debt, and the parties have cited no applicable statute of limitations (nor has the court found any through its own research), it follows that no statute of limitations applies to this case. The court could end its analysis here. An alternative basis for granting the Government's motion is available, however: even assuming that the six year limitations period in Section 2415 applies to this case, the Government's claim did not accrue until the Grant Officer's determination became the final action of the Department of Labor on April 22, 1998, or perhaps even later when NAES's debt became delinquent, making the United States's April 5, 2004 complaint timely.

NAES argues that the Government's claim accrued on April 1, 1998 at the latest, when the Grant Officer of the Department of Labor issued its final determination. The United States disagrees and contends that its claim instead accrued 21 days later when the Grant Officer's decision became the final action of the Secretary of the Department of Labor under 20 C.F.R. § 636.11 (1994) due to NAES's failure to appeal the decision or to pay the debt. The court must resolve this disagreement because the United States delayed filing its complaint until April 5, 2004, either four days after the statute of limitation had run under NAES's argument or 17 days before it had run according to the Government.

---

accrued. *Chrzanowski*, which it does cite, similarly cuts both ways, as noted below.

11

On this point the court is again bound to apply the Seventh Circuit's *Old Ben* reasoning. In *Old Ben*, an administrative law judge issued its decision assessing penalties against the defendant on June 23, 1975. 676 F.3d at 259. Because the defendant failed to either appeal the decision or pay the fines, the decision became final 30 days later, on July 23, 1975. *Id.* The Government brought suit in the district court to enforce the administrative decision on July 18, 1980, thereby raising the same question in *Old Ben* that is raised here. In the context of the Coal Act, under which the decision was made, the Government could not bring suit until after the administrative proceedings had ended, a penalty was assessed, and the violator failed to pay the penalty. *Id.* at 261 (citing 30 U.S.C. § 819(a)(4)). The Court said that "A statute of limitations cannot begin to run until there is a right to bring an action." *Id.* (citing *Crown Coat Front Co. v. United States*, 386 U.S. 503, 87 S. Ct. 1177, 18 L. Ed. 2d 256 (1967)). After examining the Coal Act, it concluded, "Obviously an administrative agency order must exist before the Secretary can file a district court action to enforce it. Therefore, if 28 U.S.C. § 2462 applies to the district court proceeding the limitations period begins to run when the administrative order becomes final. The administrative law judge's order became final on July 23, 1975." *Id.* at 261. The Court therefore held the Government's July 18, 1980 complaint to be timely. *Id.*

*Old Ben*'s analysis was recognized and applied in 1998 when Judge Plunkett decided *United States v. Serfilco*, 1998 WL 641367 (N.D. Ill. Sept. 11, 1998). There, the Government sued to enforce penalties that had been levied against defendants under the Export Administration Act, 50 U.S.C. §§ 2401-2420, by an administrative law judge. *Id.* at *1. Defendants appealed the administrative law judge's decision to the Under Secretary for Export Administration, who affirmed the findings of liability and ordered the defendants to pay their

12

fines by July 10, 1996. *Id.* The parties agreed that 28 U.S.C. § 2462 applied. Citing *Old Ben*, the Court found that the Export Administration Act, like the Coal Act, conditioned an enforcement action on the completion of administrative proceedings and the violator's refusal to pay the penalties assessed. *Id.* at *3. "Because the government could not have filed this suit to enforce the [administrative law judge's] order before July 10, 1996 - the date by which all defendants had been ordered, and had failed, to pay the penalties - the enforcement claim did not accrue until that date." *Id.*

*Chrzanowski* extended this analysis to Section 2415(a). There, the Army initiated administrative disenrollment proceedings against the defendant, seeking repayment of her scholarship funds due to her withdrawal from school. 358 F. Supp. 2d at 694. The Government explained that "any duty to repay the United States ... arises only after a disenrollment proceeding." *Id.* (citing 10 U.S.C. § 2005(g)(1)). The Court noted that "the government's right of action does not accrue when a scholarship recipient breaches the scholarship.... Rather, the right of action accrues on the date when the damages to be paid to the government are due." *Id.* at 696. The Court held that the claim accrued when the Government established a debt, demanded payment, and the defendant failed to reply. *Id.* at 696.

In this case, administrative action was also mandatory. Under the regulations that applied to the JTPA, "the Grant Officer *shall* make an initial determination of the matter in controversy including the allowability of questioned costs or activities." 20 C.F.R. § 636.8 (1994) (emphasis added). After the initial determination is completed and the parties are given an opportunity for settlement, the regulations mandate that "the Grant officer *shall* provide each party with a final written determination...." *Id.* (emphasis added). The parties have not cited language as specific

13

as was found in the Coal Act in *Old Ben* and the Export Administration Act under *Serfilco* providing that the Government may bring a civil lawsuit only after the defendant has failed to pay the assessed debt, and the court has not found any in its own review. Considering the nature of the Government's claim as one to enforce an administrative decision, however, logic leads to the same conclusion as was reached in those cases because the Government cannot sue to enforce an administrative decision that does not yet exist because it is not final. The court can not find that such a claim accrues before the Government can file a complaint. Requiring the Government to file an early complaint for statute of limitation purposes would frustrate the administrative scheme as well as the dockets of the district courts. *United States* v. *Int'l Assn. of Firefighters*, 716 F. Supp. 656, 660 (D.D.C. 1989).

The contrary view is taken in *American States*, 252 F.3d at 1272-74; *United States* v. *D.H. Dave, Inc.*, 424 F. Supp. 424, 427-28 (D. Md. 1976); and *United States* v. *Gen. Elecs., Inc.*, 556 F. Supp. 801 (D.N.J. 1983) (adopting the reasoning of *D.H. Dave*), where the Courts found that a cause of action accrued under Section 2415(a) at some time before administrative proceedings were final. In the most relevant case, *D.H. Dave*, the Court found that although administrative proceedings were mandatory under a clause of the contract between the Government and the defendant, the Government's breach of contract claim accrued before the required proceedings were finished. 424 F. Supp. at 428. The Court reasoned that *Crown Coat*'s holding that claims "accrue" when administrative actions are final does not apply to Section 2415(a) because the Supreme Court implied in *Crown Coat* that there was a difference between

the statute of limitation at issue in that case (28 U.S.C. § 2401(a)[4]) and Section 2415(a). *Id.* at 427-28.[5] The *D.H. Dave* Court also relied on the legislative history of Section 2415, which it felt was consistent with its holding. *Id.* at 428.[6] Finally, it opined that interpreting "accrual" under Section 2415(a) to mean the conclusion of administrative proceedings would read the one year savings clause out of existence. *Id.* at 428.

While *D.H. Dave*'s analysis is reasonable, the Seventh Circuit has rejected a similar argument regarding the proper interpretation of Section 2415(a). In *United States v. Withrow*, 593 F.2d 802, 804-806 (7th Cir. 1979), the Court held that a claim by the Government against a Medicare provider did not accrue until the provider's liability was determined in an audit by an intermediary. It considered the applicability of *Crown Coat* on the interpretation of accrual under Section 2415(a), and said,

---

[4] The text of Section 2401(a) is "every civil action commenced *against* the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases." (Emphasis added.)

[5] In *Crown Coat*, a government contractor unsuccessfully pursued its case in administrative proceedings and eventually brought suit in federal court more than six years after the contract had been completed but only five months after the administrative proceedings became final. 386 U.S. at 508. One of many arguments that the Court considered in determining the proper interpretation of when a claim "accrues" under Section 2401 concerned Congress's recent enactment of Section 2415(a) with its inclusion of a one year savings clause for the Government to bring suit after a final administrative decision. *Id.* at 520. The Government argued that the inclusion of the savings clause showed that Congress thought that there was a difference between when a claim accrues and the conclusion of administrative proceedings. *Id.* The Court said that "This argument is not without force. But we are not convinced that Congress intended to issue any determinative construction of Section 2401 in formulating and passing Section 2415." *Id.*

[6] The report of the Senate Committee on the Judiciary for Section 2415(a) says the following: "In all ... contract matters, the action would be barred unless it were brought by the Government within 6 years after the right of action accrues, or within 1 year after a final decision in a required administrative proceeding, whichever is later. This last provision, which has the effect of tolling the running of the statute of limitations during mandatory administrative proceedings, is necessary because of the great number and variety of such proceedings made possible by current statutes. An administrative proceeding ordinarily consumes a considerable period of time and, as has been noted, the bill would permit the Government a year after the final administrative decision in which to present its case for judicial determination. An example of such an administrative proceeding are those which involve appeals under the "disputes" clause of Government contracts." 1966 U.S.C.C.A.N. 2502, 2504 (emphasis added).

15

> We agree with appellant that Congress could not have intended the one-year period in Section 2415 to be superfluous. Thus we hold that the 'applicable administrative proceedings' in section 2415 refers not to the intermediary's audit, but to the proceedings of the Provider Reimbursement Review Board, which hears appeals by providers from final decisions of fiscal intermediaries. Since no appeal was taken by the provider in this case, no "applicable administrative proceeding" occurred and we have no occasion to apply the one year limitation provision. There will be other cases, however, in which the provider will appeal to the Board, and the Board might not decide the case until more than six years after the completion of the audit. In such a case, the one year provision would have an obvious purpose.

*Id.* at 805-806 (internal citations omitted).

Similarly, in this case, NAES did not pursue an appeal from the Grant Officer's final determination. Therefore, under *Withrow* and *Old Ben*, the Government's claim accrued when the Grant Officer's determination became final agency action. Additionally, the court notes that the policy behind the *D.H. Dave* Court's analysis is not applicable to this case. The one year savings clause was intended to address the situation where administrative proceedings take a long time to complete. In this case, only two years elapsed between the first audit of NAES's account and the conclusion of the Grant Officer's review. Even if the April 22, 1998 final action were a "final action under an applicable administrative proceeding" under Section 2415(a), and the court found the claim to have accrued upon completion of the first audit in August of 1996, the one year clause would not be invoked because 2415(a) applies the *later* of six years from accrual or one year from the rendering of a final administrative action. Although the Government's claim would be untimely in that scenario, the sort of undesirable results feared by *D.H. Dave* and like minded cases would not occur here.[7]

---

[7] An additional point of distinction between this case and some of those that disagree with it regarding when a claim accrues is that some of those cases apparently involved claims that could be brought before the conclusion of administrative proceedings. *See, e.g., Am. States*, 252 F.3d at 1272 (suit was possible before the completion of the

Furthermore, the court could find this case to be one for diversion of grant money, whereby Section 2415(b) would apply. The absence of the one year savings clause in that section would avoid the debate regarding the proper interpretation of "accrual" under Section 2415(a). Therefore, the court finds that even if Section 2415 applies to the Government's claim in this case, the claim did not accrue until April 22, 1998 or later, and the Government's April 5, 2004 complaint was timely.[8]

## IV. Order

For the foregoing reasons, the United States's motion for summary judgment [#29] is granted, and the cross-motion of NAES [#33] is denied. NAES is liable for its debt of $123,202.00 to the United States. The parties are ordered to confer regarding an appropriate order for interest, penalties, and administrative costs. This case will be called for a status hearing on April 19, 2007 at 9:30 A.M.

Dated: March 22, 2007          ENTER:

*[signature]*

JOAN HUMPHREY LEFKOW
United States District Judge

---

administrative proceedings); *United States v. Int'l Ass'n of Firefighters*, 716 F. Supp. 656, 659-60 (D.D.C. 1989); *United States v. Skidmore, Owings & Merrill*, 505 F. Supp. 1101, 1105-06 (S.D.N.Y. 1981) (distinguishing *Withrow* specifically on the basis that the United States could have sued before the completion of administrative proceedings, whereas in *Withrow* it could not).

[8] The court declines to consider whether the June 7, 2004 letter from Faith Smith to the Assistant United States Attorney affects the running of the statute of limitations but notes that it could potentially be an additional basis for its holding that the United States's suit is timely.